**In re INDUSTRIAL DISTRIBUTION SERVICES, INC., Debtor.**

**INDUSTRIAL DISTRIBUTION SERVICES, INC., Plaintiff,**

**v.**

**GRINNELL CORPORATION and Federal Insurance Company, Defendants.**

**Bankruptcy No. 87–1914–8P1. Adv. No. 87–203.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 22, 1988.

R.J. Cole, Sarasota, Fla., for debtor.

Sean Fisher, Coral Gables, Fla., Don Stichter, Tampa, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the immediate matter under consideration involves a claim set forth in the Amended Complaint filed by Industrial Distribution Services, Inc. (IDS), the Debtor in the above-captioned Chapter 11 case. The Amended Complaint originally sounded in five counts and named as Defendants, Grinnell Corporation, Inc. (Grinnell) and Federal Insurance Company, Inc. (Federal Insurance). At the conclusion of the pretrial conference, this Court dismissed Counts III, IV and V of the Amended Complaint. As a result, there is no longer any claim pending against Federal Insurance. This Court, having heard argument in support of the Motion for Summary Judgment filed by Grinnell addressed only to the claims set forth in Counts I and II, finds and concludes as follows. The undisputed facts which are pertinent to a resolution of the Defendant's Motion for Summary Judgment are derived from the record and are as follows:

Grinnell is a Florida corporation engaged in the business of manufacturing various industrial and mechanical valves and fittings. It appears that prior to the commencement of this Chapter 11 case, IDS entered into an agreement with Grinnell pursuant to which Grinnell agreed to manufacture and to sell to IDS certain mechanical pipes, valves and fittings. The purchase price under the agreement was $124,555.65. The sale of the pipes was on open account. It is undisputed that IDS did not pay for the goods which were in fact manufactured and delivered by Grinnell and when Grinnell made demand for return of the goods, IDS refuse to comply. IDS equally resisted any peaceful repossession by Grinnell.

Prior to April 10, 1987, Grinnell filed a Petition for Writ of Replevin and obtained an Order of Prejudgment Replevin from the Circuit Court in and for Polk County, Florida. Pursuant to the command of the Writ, the Sheriff of Polk County promptly served the Writ on the officers of IDS and subsequently executed the Writ and took possession of the mechanical pipe valves manufactured by Grinnell and sold to IDS. Three days later, on April 13, 1987, IDS filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

On June 4, 1987, IDS instituted this adversary proceeding naming Grinnell and its surety, Federal Insurance Company, as Defendants. In Count I of its Amended Complaint, IDS seeks to recover the goods from Grinnell pursuant to § 542 of the Bankruptcy Code. The claim set forth in Count II is pursuant to § 547(b) and is based on the contention that the seizure of the goods by the Sheriff was a preferential transfer, albeit involuntary, thus voidable by IDS pursuant to § 547(b) of the Code. It is the contention of Grinnell that there are no genuine issues of material fact and it is entitled to a resolution of the claims set forth in Count I and Count II as a matter of law.

■ It should be noted at the outset that there is nothing in this record which warrants the conclusion that Grinnell is entitled to a favorable ruling on the claim of IDS set forth in Count I of the Amended Complaint, in which IDS seeks a recovery of the mechanical pipes pursuant to § 542 of the Bankruptcy Code. § 542 is entitled "Turnover of property to the estate" and provides in subsection (a), with some exceptions, that any entity must deliver to the trustee, and account for, properties of the estate which a trustee may use, sell or lease under § 363 of the Code. Therefore, it is evident that if on the date of the Petition, i.e. April 13, 1988, the mechanical pipes were properties of the estate. The fact that Grinnell might have, as it contends, a lien on the mechanical pipes by virtue of Sections 713.50, 713.61 and 713.74 of the Florida Statutes or by virtue of the Writ of Replevin served and executed by the Sheriff is of no consequence unless the goods were already sold by Grinnell or by the Sheriff prior to the commencement of the case. Clearly, the estate includes property of the debtor that has been seized by a secured creditor pre-petition albeit the cred-

itor may be entitled to adequate protection for its interest as a condition to turnover. *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Inasmuch as the record indicates that the Writ was a pre-judgment writ and was served only three days prior to the commencement of the case, it is clear and this Court is satisfied that the mechanical pipes could not have been sold prior to the commencement of the Chapter 11 case. For this reason, the mechanical pipes were still properties of the estate, albeit possibly subject to the lien claims of Grinnell. For this reason, its Motion as directed to Count I of the Complaint cannot be granted and must be denied.

The resolution of the Motion under consideration as it relates to the claim set forth in Count II presents a problem not very easy for resolution primarily due to the posture of the issue presented. First, it should be noted what is and what is not involved directly to any issue relevant to the Defendant's Motion. The claim in Count II is not an attack by a debtor-in-possession on the validity of a lien claimed by Grinnell by utilizing the special voiding powers of the trustee, § 544(a) or (b) of the Bankruptcy Code, which in turn also could be used by the debtor-in-possession by virtue of § 1107(a) of the Bankruptcy Code. What is involved in this count is simply nothing more than an attempt by IDS to set aside the transfer, i.e. the seizure by the Sheriff of the mechanical pipes as a voidable preference pursuant to § 547 of the Bankruptcy Code. There is no question and it is without dispute that all elements of a voidable preference with the exception of § 547(b)(5)(A), (B) and (C) are present. This is so because if Grinnell is in fact a secured creditor who merely recovered the property encumbered by its lien, it did not receive more than it would have received in a Chapter 7 liquidation case. This of course leads to the real issue which is whether or not Grinnell had a valid, enforceable lien on the properties seized by the Sheriff. While it is not very well articulated, Grinnell's lien claim is based on Fla.Stat. §§ 713.50, 713.61 and 713.74. The Bankruptcy Code specifically deals with statutory liens in § 545 and provides that the trustee may avoid fixing a statutory lien on property of the Debtor under certain specified conditions. The closest relevance to the issue before this Court is the condition set forth in § 545(1)(D) which provides that a statutory lien can be avoided by the trustee which first becomes effective when a debtor becomes insolvent. Even a cursory reading of the statutes relied on by Grinnell leaves no doubt that the lien became effective only when the obligation to pay for the goods manufactured became due. This is so because while the lien may be in existence and valid, it is meaningless without an underlying obligation which is supported by the lien. For instance, if the buyer of manufactured goods is not yet required to pay for the goods, there is no enforceable lien and that only becomes enforceable after the obligation becomes past due. In this particular instance, there is nothing in this record to indicate when that event occurred and for this reason it is impossible to determine when did an enforceable statutory lien come into existence and, therefore, this issue cannot be resolved as a matter of law. In the alternative, if Grinnell's secured position is based on the Writ of Replevin and execution of same, it would be clearly a voidable preference simply because judicial liens which become fixed on properties of the estate within ninety (90) days are without doubt subject to a preferential transfer attack by the trustee and must fail if all other operating elements of § 547(b) are present.

For the reasons stated, this Court is satisfied that the Motion of Grinnell as addressed to both § 542 and as to the claim in Count II, § 547 cannot be resolved as a matter of law and, therefore, should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference be, and

the same is hereby, scheduled for the 5 day of January, 1989 at 10:15 a.m.

DONE AND ORDERED.