In re **INDUSTRIAL DISTRIBUTION SERVICES, INC., Debtor.**

**INDUSTRIAL DISTRIBUTION SERVICES, INC., Plaintiff,**

v.

**GRINNELL CORPORATION and Federal Insurance Company, Defendant.**

Bankruptcy No. 87–1914–8P1.
Adv. No. 87–203.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 24, 1989.

R J Cole, for debtors.

Sean Fisher, Coral Gables, Fla., for Movant Atty.

Don Stichter, Tampa, Fla., U.S. Trustee.

**ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter presented for this Court's consideration is in the context of an Ore Tenus Motion for Reconsideration of this Court's Order Denying Grinnell Corporation's (Grinnell) Motion for Summary Judgment. 94 B.R. 760. The Ore Tenus Motion for Reconsideration was brought by Grinnell, the Defendant in the above-captioned adversary proceeding and Industrial Distribution Services, Inc., the Debtor in the above-captioned Chapter 11 case. Both Grinnell and the Debtor urged this Court to reconsider its previous Order, contending that the matter under consideration could be decided as a matter of law. The Court has considered the Ore Tenus Motion for Reconsideration and the record, and is satisfied that the Motion for Reconsideration should be granted and its previous Order Denying Grinnell's Motion for Summary Judgment should be vacated, and the issues presented for this Court's consideration can be decided as a matter of law. Based on the agreed undisputed facts of this case the Court now finds and concludes as follows:

Prior to the commencement of this Chapter 11 case, the Debtor entered into an agreement with Grinnell, which engaged in the business of manufacturing mechanical valves and fittings in which Grinnell agreed to manufacture and sell to the Debtor certain pipes, valves and fittings for $124,-555.65. It is undisputed that the Debtor never paid Grinnell for the goods which Grinnell did, in fact, manufacture and deliver to the Debtor. It further appears that after Grinnell unsuccessfully made demand for return of the goods, Grinnell sought and obtained an Order of Prejudgment Replevin from the Circuit Court in and for Polk County, Florida. Pursuant to the command of the Writ, the Sheriff of Polk County executed the Writ and took possession of the goods manufactured by Grinnell and sold to the Debtor. Three days later,

on April 13, 1987, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

On June 4, 1987, the Debtor filed this adversary proceeding seeking in Count I to recover the goods from Grinnell pursuant to § 542 of the Bankruptcy Code. The claim set forth in Count II is based on the contention that the seizure of the goods by the Sheriff was a preferential transfer, albeit involuntary, thus voidable by the Debtor pursuant to § 547(b) of the Code.

This Court is satisfied that Grinnell's contention that as a matter of law it is entitled to summary judgment on Count I is without merit. Grinnell claims a manufacturer's lien on the goods by virtue of Section 713.61, Florida Statutes, which provides for a manufacturer's lien on articles of value which are produced and delivered to a purchaser of said goods for resale. However, the fact that the goods were repossessed pursuant to the Writ of Replevin is of no consequence since the goods were not sold and, in fact, remain in custody of Grinnell. Clearly, these goods are property of the estate as such includes property of the debtor which has been seized by a secured creditor prepetition. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). For this reason, this Court is satisfied that the Debtor's Motion for Summary Judgment as to Count I should be granted, and Grinnell's Motion for Summary Judgment as to the same Count should be denied and the mechanical pipes should be turned over to the Debtor, albeit possibly subject to the lien claims of Grinnell.

This leaves for consideration the resolution of the Motions for Summary Judgment as they relate to the claim set forth in Count II of the Complaint which alleged avoidable preferential transfer.

The claim in Count II is based on the contention that the seizure of the pipes by the Sheriff was a voidable preference pursuant to § 547 of the Bankruptcy Code and not based on the contention directly that the lien claim of Grinnell could be avoided by the Debtor by utilizing the strong-arm clause of the Code, § 544(a)(b). Inasmuch as this Court has already determined that Grinnell must turn over the pipes and manufactured goods to the Debtor, this Court is satisfied that the claim in Count II should be dismissed as moot.

Based on the foregoing, this Court is satisfied that Grinnell's Motion for Summary Judgment as to Count I of the Complaint should be denied, and the claim presented in Count I of the Complaint should be decided as a matter of law in favor of the Debtor. Grinnell is directed to turn over the goods to the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the claim in Count II be, and the same is hereby, dismissed as moot and the avoidance of the alleged lien of Grinnell, or any dispute over the validity vel non of the lien claimed by Grinnell shall be resolved by bringing an appropriate action either pursuant to § 547(b) of the Bankruptcy Code, or by the filing of an adversary proceeding seeking a determination from this Court of the validity vel non of Grinnell's lien.

A separate Final Judgment shall be entered in accordance with the foregoing.